No. 23-13554

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MARCIA McMANUS,

Plaintiff/Appellant,

v.

AMERIJET INTERNATIONAL, INC.,

Defendant/Appellee.

On Appeal from a Final Judgment of the United States
District Court for the Southern District of Florida

District Court Case No. 0:21-cv-61617-DPG

**BRIEF OF PLAINTIFF/APPELLANT**

Daniel A. Bushell
BUSHELL LAW, P.A.
1451 W. Cypress Creek Road
Suite 300
Fort Lauderdale, Florida 33309
Phone: 954-666-0220
Email: dan@bushellappellatelaw.com

*Counsel for Appellant*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| MARCIA McMANUS, | ) | |
| | ) | Case No.: 23-13554-J |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | District Court Docket No: |
| | ) | 0:21-cv-61617-DPG |
| AMERIJET | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Civil Procedure and 11th Circuit Rule 26.1-1, Plaintiff-Appellant Marcia McManus states that the following persons and entities may have an interest in the outcome of this appeal:[1]

Amerijet International, Inc.

Beach, Brian

Bushell, Daniel A.

Bushell Law, P.A.

Canny, Joan

---

[1] Plaintiff is an individual and therefore has no parent corporation to disclose. And to the best of Plaintiff's knowledge, Amerijet is not a publicly traded company.

Crucet, Paul

Elkins, Michael

Entin, Joshua M.

Entin Law Group, P.A.

Gayles, Hon. Darrin P., U.S. District Judge

Gonzales, Hector

Karijian, Victor

Mathis, Steven

McManus, Marcia

MLE Law

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.

Strauss, Hon. Jared M., U.S. Magistrate Judge

Suria, Isis

Turk, Robert S.

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023 I electronically filed the foregoing using the Court's CM/ECF system, which will serve notice on all registered counsel of record and pro se parties.

/s/ Daniel A. Bushell
Daniel A. Bushell

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff/Appellant requests oral argument. This case involves a novel but important issue of law: whether to state a claim for discrimination under Title VII, the plaintiff must allege facts sufficient to establish the existence of a sufficiently similarly situated employee "comparator" who is not a member of the plaintiff's protected class and was treated differently from the plaintiff.

That issue, which is likely to recur, has not been squarely addressed by this Court in a published opinion. Plaintiff/Appellant believes that oral argument would assist the Court in understanding and resolving this issue.

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS……………………………..C-1

STATEMENT REGARDING ORAL ARGUMENT …………………………..ii

TABLE OF CITATIONS…………………………………………………… v

STATEMENT OF JURISDICTION………………………………………… 1

STATEMENT OF THE ISSUES……………………………………………. 1

STATEMENT OF THE CASE …………………………………………….. 2

    I.    Statement of the Facts……………………………………….. 2

    II.    Procedural History ……………………………………….. 8

    III.    Standard of Review …………………………………….. 12

SUMMARY OF THE ARGUMENT …………………………………….. 14

ARGUMENT AND CITATIONS OF AUTHORITY ……………………….. 15

    I.    The District Court Erred in Dismissing McManus'

        Discrimination Claims for Failure to State a Claim ………… 15

        A.    Standards for Discrimination Claims …………………….. 15

        B.    The Facts Alleged in the SAC Plausibly Infer a

            Discriminatory Motive for McManus' Termination ……… 16

iii

C.    The District Court Erroneously Required McManus to

Plead a Prima Facie Case ................................................... 21

II.    The District Court Erred in Dismissing With Prejudice

Rather Than With Leave to Amend ...................................... 26

CONCLUSION ............................................................................... 28

CERTIFICATE OF COMPLIANCE ......................................................... 29

CERTIFICATE OF SERVICE ................................................................ 29

## <u>TABLE OF CITATIONS</u>

<u>**Page**</u>

**Cases**

*Alvarez v. Lakeland Area Mass Transit Dist.*, 406 F. Supp. 3d 1348,
1354 (M.D. Fla. 2019)...............................................................23

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)..............................................13

*Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).......13

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).....................13

*Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir.
2012)...................................................................13

*Coleman v. C&S Wholesale Grocers, Inc.*, 19-20130-CIV, 2019 WL
13235811, at *6 (S.D. Fla. Aug. 26, 2019) ...........................................24

*Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir.
2008).................................................................16, 21

*Gomez v. City of Doral*, Case No. 21-11093, 2022 WL 19201, at *2 (11th
Cir. Jan. 3, 2022) .................................................................23

*Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th
Cir. 2006) .................................................................18

*Ironworkers Local Union 68 v. AstraZeneca Pharm., LP,* 634 F.3d 1352,
1359 (11th Cir. 2011) ...............................................................13

*Lewis v. City of Union City*,

    918 F.3d 1213 (11th Cir. 2019) (en banc) ......................................22, 25

*Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ.*

    *ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003) ............22

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)........................21

*Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ........13

*Nurse v. City of Alpharetta*, 775 Fed. Appx. 603, 606 (11th Cir. 2019)..16

*Powers v. Sec'y, U.S. Homeland Sec.*, 846 F. App'x 754 (11th Cir. 2021)

    .................................................................................................................21

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000)....18

*Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) ..........................................16

*Rioux v. City of Atlanta*, 520 F.3d 1269, 1281 (11th Cir. 2008).............25

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517 (1993).......................18

*Surtain v. Hamlin Terrace Found.*,

    789 F.3d 1239 (11th Cir. 2015).................................................15, 16, 21

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) .........................21

**Statutes**

28 U.S.C. § 1291 .......................................................................................1

28 U.S.C. § 1331 .......................................................................................1

28 U.S.C. § 1343 ................................................................... 1

42 U.S.C. § 2000e ........................................................ 2, 7, 15

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4). This Court has jurisdiction over this appeal from the District Court's Order dismissing Plaintiff/Appellant Marcia McManus' Second Amended Complaint (SAC) with prejudice, pursuant to 28 U.S.C. § 1291. The District Court entered its order dismissing with prejudice on September 25, 2023. Plaintiff/Appellant timely filed her notice of appeal on October 25, 2023.

## STATEMENT OF THE ISSUES

1.    Did the District Court err in holding that McManus failed to state claims for unlawful discrimination?

2.    Did the District Court err in dismissing the SAC with prejudice rather than without prejudice?

## STATEMENT OF THE CASE

### I.    Statement of the Facts

On August 5, 2021, Plaintiff/Appellant Marcia McManus filed a Complaint in the United States District Court for the Southern District of Florida against Defendant/Appellee Amerijet International, Inc. *See generally* ECF Doc. 1. She asserted claims for violations of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634 et seq. (the "ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1964) ("Title VII"), the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. (1993) (the "FMLA"), the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. (the "FCRA"), and the Florida Whistleblower Act, Fla. Stat. 448.102 (the "FWA"). *Id.*

Amerijet moved to dismiss the Complaint. ECF Doc. 8. In May 2022, the District Court entered a docket entry dismissing the Complaint as a "shotgun pleading" without prejudice:

> PAPERLESS ORDER granting [8] Defendant Amerijet International, Inc.'s Motion to Dismiss Plaintiff's Complaint. The Court finds that Plaintiff's Complaint is an impermissible shotgun pleading. *See Bardelas v. City of Doral, Fla.*, No. 20-CV-24894, 2021 WL 2531074, at *4 (S.D. Fla. Apr. 15, 2021) (dismissing complaint as a shotgun

> pleading where it incorporated each factual allegation into each count and commingled various claims). Here, the Complaint improperly incorporates each factual allegation into each count without properly identifying which fact applies to which claim, and some counts improperly commingle various claims. Indeed, each count is replete with conclusory recitations of the elements. Therefore, Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff shall file an amended complaint on or before May 31, 2022 or the Court will dismiss this action **with prejudice**. This case is **CLOSED** for administrative purposes. Signed by Judge Darrin P. Gayles (bhy)

Docket Text, ECF Entry 29.

McManus filed an Amended Complaint. ECF Doc. 37. Amerijet moved to dismiss the Amended Complaint. ECF Doc. 42. McManus filed a Response in opposition to the motion and Amerijet filed a reply. *See* ECF Docs. 54 (McManus' Response) & 55 (Amerijet's Reply).

Several months later, after retaining new counsel (and before any ruling on Amerijet's motion to dismiss the Amended Complaint), McManus filed a motion for leave to file a Second Amended Complaint (SAC). ECF Doc. 82. The District Court entered a docket entry granting leave to file the SAC. *See* Docket Text, ECF Entry 87.

As per the District Court's order, McManus filed the SAC on January 9, 2023. ECF Doc. 89. In the SAC, McManus alleges that she is a "Black female of Indian national origin" who was an employee of Amerijet for almost twenty-three years until being terminated in December 2019. *Id.* at 3.

She and three other management employees were responsible for monitoring and mitigating crew scheduling and overage. *Id.* Under a collective bargaining agreement, Amerijet was required to pay extra wages to flight crews that were scheduled to fly outside of their regularly scheduled flights. *Id.* The extra wages were called "Overages" and Amerijet wanted to minimize the need to pay them. *Id.*

McManus alleges that she and three other management employees were responsible for minimizing Overages. *Id.* These three other employees were all male and non-black:

> i. Brian Beach ("Beach") - Chief Operating Officer – White, Male
>
> ii. Steven Mathis ("Mathis") (Director of Operations) – White, Male
>
> iii. Hector Gonzalez ("Gonzalez") (Chief Pilot) – Non-Black, Male

*Id.* at 3-4.

4

She alleges the existence of "numerous emails indicating that responsibility for Overages was shared by McManus and [these] other managerial level employees." *Id*. at 4. A copy of an example of such an email is attached to the SAC as Exhibit A. *Id*. at 4 & ECF Doc. 89-1.[1]

McManus alleges that in August 2019 she asked for a meeting with Amerijet CEO Victor Karjian, a non-Black, male, to discuss Overages and morale. ECF Doc. 89 at 4.

On the same day as McManus asked to meet with Karjian, and in response to it, Beach emailed Mathis and Gonzalez saying he needed "all documentation and items that [McManus] was in charge of." *Id*. at 4. After having never been written up in 23 years of employment, McManus was then written up four times in a one-month period following her requested meeting with Karjian. *Id*.

On September 8, 2019, McManus wrote to Amerijet's General Counsel and Director of Human Resources regarding the sudden write-ups and complained of the existence of a hostile work environment. *Id*. at

---

[1] In one of the emails in this chain, Beach uses what appears to be a slur against persons of Indian national origin, saying "[t]his group has the red dot on our forehead with expenses" with a negative connotation. *See* ECF Doc. 89-1.

4-5. The General Counsel instructed the Director of Human Resources not to investigate McManus' complaint and no investigation was conducted. *Id.* at 6.

By December 18, 2019, McManus was terminated. *Id.* at 7. About a week later, Amerijet's General Counsel sent her an email saying McManus' position had not been eliminated but Amerijet had decided "to make a change in that position." *Id.*

McManus alleges that after she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Amerijet claimed "that the legitimate non-discriminatory reason for McManus' termination was that McManus could not get control of the Overages." *Id.* She alleges that Beech, Mathis, and Gonzalez were similarly situated employees who were also responsible for Overages but were not in her protected classes and, unlike McManus, were not terminated. *Id.*

She alleges that her involvement with Overages was a pretext. In addition to similarly situated employees responsible for Overages not being similarly terminated, McManus had received a perfect score on every Personnel Evaluation that she had received for more than 20 years. *Id.* at 8. In fact, in a July 6, 2018 Performance Evaluation, just one year

6

earlier, McManus had been lauded for her handling of scheduling and avoiding Overages, i.e., for "[e]xceptional skills including Rostering Crews for budget efficiency." *Id*.

The close succession of McManus complaining about a hostile work environment, followed by a string of write-ups, the refusal to investigate her complaint of a hostile work environment, and McManus' termination were "all circumstantial evidence of discrimination, retaliation and pretext." *Id*. Further evidence was provided by Amerijet's representation to the EEOC that Karjian decided to terminate McManus, which is contravened by an email that Beach sent shortly after McManus was terminated, in which he said that he had been the one that "got rid of" McManus and that he needed "to be careful who I fire at the moment." *Id*. & ECF Doc. 89-8.

In Count I, McManus asserts a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., for discrimination based on gender. *Id*. at 9-10. In Count II, she asserts a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., for discrimination based on race. *Id*. at 10-11. And in Count III, McManus

asserts a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., for retaliation. *Id.* at 11-12.

Counts IV-VI similarly assert claims for violation of the Florida Civil Rights Act of 1992, section 760.01-760.11, Florida Statutes, (FCRA) for gender discrimination, racial discrimination, and retaliation, respectively. *See id*. at 12-14. Finally, in Count VII, McManus asserts that Amerijet is liable for violating Florida's Whistleblower Act, section 448.102, Florida Statutes (FWA). *Id.* at 15.

## II.    Procedural History

Amerijet moved to dismiss the SAC. ECF Doc. 90. McManus filed a Response in Opposition to Defendant's Motion to Dismiss Second Amended Complaint. ECF Doc. 96. Amerijet filed a reply. ECF Doc. 97.

On September 25, 2023, the District Court entered an Order granting Amerijet's motion to dismiss the SAC and dismissing the SAC with prejudice. *See* ECF Doc. 122. The District Court acknowledged that a plaintiff is not required to allege facts establishing a prima facie case but contradictorily said the prima facie elements were helpful in "identifying any material omissions at the pleading stage." ECF Doc. 122 at 5.

8

Having made that observation, the District Court then went on to analyze whether the SAC alleged facts satisfying all the elements of a prima facie case and dismissed the SAC based on the conclusion that the facts it alleged did not sufficiently establish the fourth element of a prima facie case:

> Defendant does not dispute that the first three *prima facia* elements are satisfied because Plaintiff, a black woman, was a member of a protected class, was qualified for her job, and suffered an adverse employment action. However, Defendant disputes the fourth element, arguing that Plaintiff fails to adequately allege that she was treated less favorably than a similarly situated individual outside her protected classes. The Court agrees.

ECF Doc. 122 at 5.

It then examined whether the SAC sufficiently alleged a comparator based on the requirements for proving a prima facie case. ECF Doc. 122 at 6. Although the District Court was ruling on a motion to dismiss, it found it significant to mention that McManus had come forward with insufficient allegations "despite having conducted discovery in this case." ECF Doc. 122 at 6.

The District Court said the allegations regarding comparators were insufficient:

In the SAC, Plaintiff attempts to use Beach, Mathis, and Gonzalez as comparators but alleges no facts to show that they are similarly situated in all material respects.5 Other than race and gender differences, the SAC does not allege comparable job conduct, performance, or qualifications between Plaintiff and the alleged comparators. Aside from holding managerial-level positions and having some responsibility for monitoring and mitigating Overages, a reasonable reading of the SAC suggests that Plaintiff, a Crew and Scheduling Manager, had an entirely different position and different duties than Beach, Defendant's COO; Gonzalez, Defendant's Chief Pilot; and Mathis, Defendant's Director of Operations. Indeed, Plaintiff's allegations that Beach caused the hostile work environment, [ECF No. 89-3 at 2], and that Beach sought documentation from Gonzalez and Mathis about Plaintiff's work, [ECF No. 89 ¶¶ 28–30], suggests that Beach, Gonzalez, and Mathis had materially different supervisory positions than Plaintiff. Similarly, Plaintiff fails to allege whether she and the alleged comparators were similarly qualified, shared similar disciplinary histories, or were accused of the same misconduct.

ECF Doc. 122 at 6-7.

Based on what it said were insufficient allegations of a comparator and what is said was insufficient particularity in alleging animus, the District Court said McManus' discrimination claims failed to state a claim. *Id.* at 7. Accordingly, the District Court dismissed Counts I, II, IV,

10

and V of the SAC, which assert claims for gender and racial discrimination under Title VII and the FCRA. *Id*.

The District Court then held that McManus's claim for retaliation failed to state a claim. *Id*. at 8. It acknowledged that McManus alleged that she engaged in protected activity when she sent a September 8, 2019 email complaining of a hostile work environment. *Id*. at 8. But the District Court said her allegations were insufficient because she did not allege that she "describe[d] the hostile work environment or who the other managers were" in detail when she complained about a hostile work environment. *Id*. The District Court also said that McManus had not sufficiently alleged "a causal connection" between her complaint of a hostile work environment and her termination. *Id*.

It then dismissed McManus' claim under the FWA because "the standards governing a Title VII retaliation claim apply to a retaliation claim under the Florida Private Sector Whistleblower Act." *Id*. at 9. The District Court said McManus failed to state a claim because "[i]t is not enough for Plaintiff to merely claim that she was subjected to a hostile work environment without identifying or describing the hostile work environment," McManus did not "sufficiently allege a causal connection"

11

and her "allegations [we]re too conclusory to establish her claim for retaliation." *Id.* at 10.

In a footnote, the District Court said it was dismissing the SAC without leave to amend on the basis that McManus purportedly had already been given multiple opportunities to cure pleading deficiencies:

> "A district court need not . . . allow an amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed . . . [or] where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff has had the benefit of extensive discovery and three opportunities to amend her complaint and cure any pleading deficiencies, yet Plaintiff's SAC remains vague and conclusory. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 (11th Cir. 2015) ("Three attempts at proper pleading are enough."). Therefore, this case shall be dismissed with prejudice.

ECF Doc. 122 at 10, n.6.

On October 25, 2023, McManus timely filed a notice of appeal. *See* ECF Doc. 124.

## III. Standard of Review

This Court reviews "the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to

the plaintiff." *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009). In ruling on a motion to dismiss, "[t]he allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (citing *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP,* 634 F.3d 1352, 1359 (11th Cir. 2011)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint need plead only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). That means "[t]he plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

13

## SUMMARY OF THE ARGUMENT

The District Court erred in dismissing McManus' discrimination claims. A plaintiff is only required to allege facts making it plausible rather than speculative that the defendant is liable. McManus alleged sufficient facts from which it can be plausibly inferred that her termination was premised, at least in part, on a discriminatory motive. Such was sufficient to state a claim. The District Court erroneously required her to allege facts to satisfy the elements of a prima facie case and to allege discriminatory animus with particularity.

In addition, the District Court erred in dismissing the SAC with prejudice rather than without prejudice. This Court should reverse.

## ARGUMENT AND CITATIONS OF AUTHORITY

For the reasons that follow, the District Court erred in dismissing Plaintiff's claims with prejudice. This Court should reverse.

### I.    The District Court Erred in Dismissing McManus' Discrimination Claims for Failure to State a Claim

As explained below, the SAC alleges sufficient facts to make it plausible that McManus's race or gender was a motivating factor in her termination. The District Court therefore erred in dismissing Counts I, II, IV, and V of the SAC.

#### A.    Standards for Discrimination Claims

This Court has explained that "Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's race." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015); *see also* 42 U.S.C. § 2000e–2(a)(1) ("It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin") & 42 U.S.C. § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party

15

demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.").

Applying *Twombly* to section 2000e-2, this Court has explained that "[t]o state a" claim for discrimination, "a complaint need only 'provide enough factual matter (taken as true) to suggest intentional . . . discrimination.'" *Surtain*, 789 F.3d at 1246 (quoting *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008)). In other words, the plaintiff must only allege facts making it plausible that her employer treated her "less favorably than others because of" a protected trait." *Nurse v. City of Alpharetta*, 775 Fed. Appx. 603, 606 (11th Cir. 2019) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)).

### B. The Facts Alleged in the SAC Plausibly Infer a Discriminatory Motive for McManus' Termination

The SAC alleges facts plausibly suggesting that Amerijet discriminated against McManus based on protected traits. As the District Court noted, it was undisputed that McManus adequately alleged that she, "a black woman, was a member of a protected class, was qualified

16

for her job, and suffered an adverse employment action." ECF Doc. 122 at 5.

So McManus only needed to allege facts that, in combination with the undisputedly sufficient allegations of belonging to a protected class and suffering an adverse action, plausibly suggests a connection between the two, i.e., that the adverse employment action may have been motivated, at least in part, by her race and/or gender. The SAC alleges numerous facts plausibly suggesting such a connection.

McManus alleges that Amerijet failed to give her a clear and consistent reason for her termination. Initially Amerijet told her only that Amerijet had decided "to make a change in that position." Then after she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Amerijet came forward with a different reason, claiming that she had been terminated because of a purported inability to control Overages.

As this Court has held, "an employer's failure to articulate clearly and consistently the reason for an employee's discharge may serve as evidence of pretext." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439

F.3d 1286, 1298 (11th Cir. 2006). And as the Supreme Court has made

clear, evidence of pretext is circumstantial evidence of discrimination:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. See [*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517 (1993)] ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination"). In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000).[2]

The SAC contains additional allegations plausibly suggesting that

the explanation for her termination that Amerijet gave to the EEOC—

McManus' purported inability to control Overages—was a pretext. Those

allegations include facts directly contradicting this proffered reason.

---

[2] Thus, the District Court erred in stating that McManus "alleges no facts suggesting that racial animus or Plaintiff's gender were motivating factors in Defendant's decision to terminate her." ECF Doc. 122 at 7. The teachings of *McDonnell Douglas* and *Reeves* are that an employer taking an adverse employment action against a member of a protected group while taking no such action against non-members is suggestive of unlawful motivation, as is the proffering of a pretextual reason for the termination, i.e., engaging in an attempt to cover up the true motivation for the adverse employment action.

McManus, who had been dealing with scheduling and Overages for many years, had received a perfect score on every Personnel Evaluation that she had received for more than 20 years. And addressing the very same issue, a Performance Evaluation issued only one year earlier had lauded McManus for her handling of scheduling and avoiding Overages, i.e., for "[e]xceptional skills including Rostering Crews for budget efficiency." These facts plausibly suggest that Amerijet was lying when it claimed that it terminated McManus due to an inability to manage Overages.

There are also allegations that despite purportedly terminating McManus due to Overages, other employees, who also had responsibility for managing and minimizing Overages, and who were even scolded by the Chief Operating Officer as part of the same "group" as McManus, did not suffer adverse employment actions. These allegations about such employees, who were not members of a protected class, plausibly infer not only that Overages were not the reason for McManus' termination but also that McManus was treated differently than similarly situated employees who were not members of a protected class.

19

There are also other facts alleged that contribute to the mix of facts that as whole plausibly suggest that there was a discriminatory component to the motivation for McManus' termination. For example, Amerijet could not get its story straight about who decided to terminate McManus.

Based on the allegations of the SAC, there are good reasons why Amerijet would want to deny that its Chief Operating Officer, Beach, made the decision to terminate McManus, contradicting Beach's own claim to having "got[ten] rid of" McManus. Beach had earlier sent an email, a copy of which is attached to the SAC, using an anti-Indian pejorative ("red dot on our forehead") in scolding a "group" of which McManus was a part. These allegations further suggest that discriminatory animus motivated the termination of McManus.

Then, describing his situation about two weeks after terminating McManus, Beach wrote that he needed "to be careful who I fire at the moment," suggesting that he had cause to be concerned about facing legal liability for terminating McManus. In addition, McManus alleges that she complained of a hostile work environment and Amerijet affirmatively refused to investigate without making any further inquiry of her.

20

Taken together, these allegations are more than sufficient to plausibly suggest that discriminatory motives underlay McManus' termination. Accordingly, the District Court should have concluded that McManus stated claims for discrimination.

### C. The District Court Erroneously Required McManus to Plead a Prima Facie Case

This Court has made clear that a plaintiff "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case" to state a claim. *Davis*, 516 F.3d at 974 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002)).[3] A prima facie case needed not be pleaded because "*McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain*, 789 F.3d at 1246 (quoting *Swierkiewicz,* 534 U.S. at 510).

Accordingly, "[b]oth the Supreme Court and this Court have held that it is error to require an employment discrimination plaintiff to plead the elements of a *McDonnell Douglas* prima facie case at the pleading stage." *Powers v. Sec'y, U.S. Homeland Sec.*, 846 F. App'x 754, 758 (11th Cir. 2021).

---

[3] The burden-shifting framework often used to prove Title VII claims is set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Although the District Court acknowledged this principle, in dismissing McManus' discrimination claims for failure to allege a sufficient comparator, that is what the District Court did. This Court has expressly held that the "meaningful comparator analysis must be conducted at the prima facie stage of *McDonnell Douglas*'s burden-shifting framework." *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc).

Indeed, the District Court itself recognized that the existence of a comparator is an element of the *McDonnell Douglas* burden-shifting framework. *See* ECF Doc. 122 at 5. Explaining its reasoning, the District Court set forth that

> A prima face claim of intentional race or gender discrimination may be proven circumstantially by showing that: (1) she was a member of a protected class; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) she was "treated less favorably than a similarly-situated individual outside [her] protected class."

*Id.* (citing *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003)).

Then the District Court explained that "the first three *prima facia* (sic) elements are satisfied." But it said it agreed with Amerijet that

McManus did not satisfy "the fourth element" because she "fails to adequately allege that she was treated less favorably than a similarly situated individual outside her protected classes." *Id.*

Thus, the District Court's own explanation of its reasoning makes clear that it erroneously dismissed the SAC for failing to allege facts establishing a *prima facie* case. Because a complaint is not required to allege a prima facie case, the District Court erred in dismissing the SAC.

For that reason, courts in this Circuit, including this Court, have repeatedly concluded that a complaint should not be dismissed based on the purported insufficiency of similarity between the plaintiff and an alleged comparator. *See, e.g.*, *Alvarez v. Lakeland Area Mass Transit Dist.*, 406 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019) (rejecting similar argument for dismissal and explaining that "[d]etermining whether a plaintiff and comparator are "similarly situated in all material respects" is an issue to be resolved at summary judgment or trial); *Gomez v. City of Doral*, Case No. 21-11093, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022) ("The district court held that Gomez's complaint was deficient because she "failed to explain how" any other male officers referenced in her complaint were "similarly situated to her 'in all material respects.'" .

23

. . But, as Gomez argued both here and below, that wasn't a valid reason to dismiss her complaint."); *Coleman v. C&S Wholesale Grocers, Inc.*, 19-20130-CIV, 2019 WL 13235811, at *6 (S.D. Fla. Aug. 26, 2019) (rejecting argument for dismissal of complaint based on the "argument that Plaintiff fails to allege an 'apples-to-apples' comparator.").

The same result should have obtained here. Dismissal should have been denied because McManus alleged sufficient facts that, taken as whole, plausibly infer that there was a discriminatory motive for McManus' termination. That is all that was required. The District Court erred by additionally requiring McManus to allege facts to establish a prima facie case, including the sufficiency of a comparator.

Moreover, even if it would have been proper to examine the sufficiency of comparator allegations, the District Court would have erred in dismissing the SAC. The District Court said the allegations were insufficient because "Plaintiff, a Crew and Scheduling Manager, had an entirely different position and different duties than Beach, Defendant's COO; Gonzalez, Defendant's Chief Pilot; and Mathis, Defendant's Director of Operations."

24

But that is not the test. As this Court has explained, "differences in job ranks between a plaintiff and another employee are not, in and of themselves, dispositive as to whether the two individuals may be compared for purposes of evaluating a discrimination claim." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1281 (11th Cir. 2008). "[T]he plaintiff and her comparators need not be similar in all but the protected ways . . . Nor is it necessary for a plaintiff to prove purely formal similarities—e.g., that she and her comparators had precisely the same title." *Lewis*, 918 F.3d at 1227.

McManus alleges that the other employees "engaged in the same basic conduct (or misconduct) as the plaintiff," i.e., alleged mishandling of Overages; were "subject to the same employment policy, guideline, or rule as the plaintiff," i.e., the policy of minimizing Overages; were "under the jurisdiction of the same supervisor as the plaintiff," i.e., Kirjian, the CEO who Amerijet claims made the decision to terminate McManus; and could have had a disciplinary history no better than McManus' history given that McManus had never before been written up. *See Lewis*, 918 F.3d at 1227–28. Thus, even if McManus would have been required to allege facts to establish the existence of a comparator sufficient to make

out a prima facie case, the District Court would have erred in dismissing the discrimination claims.

For all these reasons, the District Court erred in dismissing the discrimination claims asserted in Counts I, II, IV, and V of the SAC. This Court should reverse.

## II. The District Court Erred in Dismissing With Prejudice Rather Than With Leave to Amend

Even if it would not have been error to dismiss the SAC, the trial court would have erred in dismissing it with prejudice rather than without prejudice, which would have enabled McManus to remedy the purported pleading deficiencies identified by the District Court. Thus, even if this Court were to hold that the District Court did not err in concluding that the SAC failed to state a claim either for discrimination or retaliation,

The District Court dismissed the SAC with prejudice, despite that the basis for dismissal was purportedly insufficient pleading of facts, a matter remediable by amendment. ECF Doc. 122 at 10, n.6. It said McManus had "had the benefit of extensive discovery and three opportunities to amend her complaint and cure any pleading deficiencies" but the "SAC remains vague and conclusory." *Id*. The District Court cited

26

*Urquilla-Diaz v. Kaplan Univ.,* 780 F.3d 1039, 1057 (11th Cir. 2015), for the proposition that "[t]hree attempts at proper pleading are enough." *Id.*

Thus, the District Court made clear that it premised its dismissal with prejudice on the erroneous belief that McManus had had three opportunities to correct the errors it identified but failed to do so. The District Court appears to have failed to recognize that its order dismissing the SAC was the only time that it had determined that there were substantive deficiencies in McManus' pleading of her claims.

Although there had been previous motions to dismiss, for the first complaint (filed by different counsel), the District Court had entered only a paperless order requiring amendment due to the complaint being a shotgun pleading. And the complaint was amended a second time at McManus' own initiative when she retained substitute counsel that wished to amend the complaint.

Thus, there had been no prior occurrence of the District Court dismissing the complaint based on identified deficiencies in pleading the substantive claims. And McManus never had the opportunity to correct them. Under the circumstances, amendment was far from futile.

27

Accordingly, the District Court abused its discretion in dismissing the SAC with prejudice rather than without prejudice. To the extent her claims were insufficiently pleaded, McManus should have been afforded an opportunity to amend to properly state claims that could be adjudicated on their merits.

## CONCLUSION

For the reasons set forth above, this Court should reverse the District Court's order dismissing with prejudice McManus' Second Amended Complaint and remand for further proceedings.

Dated: January 4, 2024

Respectfully submitted,

_/s/ Daniel A. Bushell_____
Daniel A. Bushell
BUSHELL LAW, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33309
Phone: 954-666-0220
Email: dan@bushellappellatelaw.com

*Counsel for Plaintiff-Appellant*

28

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 5228 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

/s/ Daniel A. Bushell
Daniel A. Bushell

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, I electronically filed the foregoing document using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record.

/s/ Daniel A. Bushell
Daniel A. Bushell
