No. 23-13554

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MARCIA McMANUS,

Plaintiff/Appellant,

v.

AMERIJET INTERNATIONAL, INC.,

Defendant/Appellee.

On Appeal from a Final Judgment of the United States
District Court for the Southern District of Florida

District Court Case No. 0:21-cv-61617-DPG

**BRIEF OF PLAINTIFF/APPELLANT**

> Daniel A. Bushell
> BUSHELL LAW, P.A.
> 1451 W. Cypress Creek Road
> Suite 300
> Fort Lauderdale, Florida 33309
> Phone: 954-666-0220
> Email: dan@bushellappellatelaw.com
>
> *Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS……………………………..C-1

TABLE OF CITATIONS ................................................................................ iii

ARGUMENT AND CITATIONS OF AUTHORITY ................................... 1

    I.    The District Court Erred in Dismissing McManus' Discrimination Claims for Failure to State a Claim .............. 1

    II.    The District Court Erred in Dismissing With Prejudice Rather Than With Leave to Amend ...................................... 10

CONCLUSION .............................................................................................. 12

CERTIFICATE OF COMPLIANCE ........................................................... 13

CERTIFICATE OF SERVICE ..................................................................... 13

# TABLE OF CITATIONS

**Page**

**Cases**

*Davis v. Coca–Cola Bottling Co. Consol.,*

   516 F.3d 955(11th Cir. 2008) ......................................................... 1, 2

*Nurse v. City of Alpharetta*, 775 Fed. Appx. 603, 606 (11th Cir. 2019) .... 1

*Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) ............................................ 1

*Rioux v. City of Atlanta*, 520 F.3d 1269, 1281 (11th Cir. 2008) ............... 8

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) .......................... 2

## ARGUMENT AND CITATIONS OF AUTHORITY

As further explained below, the District Court erred in dismissing Plaintiff's claims with prejudice. This Court should reverse.

### I. The District Court Erred in Dismissing McManus' Discrimination Claims for Failure to State a Claim

As Appellant established in her principal brief, this Court has made clear that stating a claim for discrimination requires far less than establishing a *prima facie* case: "a complaint need only 'provide enough factual matter (taken as true) to suggest intentional . . . discrimination.'" *Surtain*, 789 F.3d at 1246 (quoting *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008)). In its own Brief, Appellee does not attempt to distinguish *Surtain* or take issue with Appellant's reading of it. Thus, Appellant needed only to allege facts making it ***plausible*** that her employer treated her "less favorably than others because of" a protected trait." *Nurse v. City of Alpharetta,* 775 Fed. Appx. 603, 606 (11th Cir. 2019) (quoting *Ricci v. DeStefano,* 557 U.S. 557, 577 (2009)).

1

Similarly, Appellee does not dispute the applicability of the clear teaching of this Court—echoing the Supreme Court of the United States—that a plaintiff "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case" to state a claim. *Davis*, 516 F.3d at 974 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002)). And Appellee cannot dispute the applicability of this Court's rule that the that the "meaningful comparator analysis must be conducted at the prima facie stage of *McDonnell Douglas*'s burden-shifting framework." *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc).

Appellee nonetheless erroneously tries to defend the District Court's dismissal of Appellant's complaint based on the comparator analysis by changing the wording to reinsert the requirements for stating a *prima facie* case as a means of "identifying any material omissions at the pleading stage, and determining whether a plaintiff has alleged enough facts to state a plausible claim."

As purported support for doing so, Appellee cites an unreported magistrate's report and recommendation that states the proposition without citation or analysis, *DiBenedetto v. AT&T Services, Inc.*,

2

121CV04527MHCRDC, 2022 WL 1682420, at *6 (N.D. Ga. May 19, 2022), and another unreported decision, *King v. UA Local 91*, 2:19-CV-01115-KOB, 2022 WL 803379 (N.D. Ala. Mar. 15, 2022), which does not even state the proposition. This Court should find neither decision persuasive for the proposition advanced by Appellee.

Similarly erroneous is Appellee's purported reliance on the decisions in cases such as *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013), *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 709-710 (11th Cir. 2013), and *Drisin v. Fla. Int'l Univ. Bd. of Trustees*, 2017 WL 3505299 (S.D. Fla. June 27, 2017), which predate this Court's *en banc* decision in *Lewis* and contravene this Court's precedential holdings that facts to establish a prima facie case need not be alleged to state a claim and that the compactor analysis should be conducted at the *prima facie* case stage of the framework. So these cases do not support Appellee's argument.

Moreover, using the requirements for a *prima facie* case to "identify" the facts that must not be omitted or to determine the facts necessary to state a plausible claim is the same as saying that the complaint fails to state a claim if it does not allege facts to satisfy the

3

*prima facie* elements. In other words, the test urged by Appellee and used by the District Court requires the plaintiff to plead the *prima facie* elements to state a claim.

That is the very same test that this Court and the Supreme Court have rejected. Thus, the District Court erred in dismissing the complaint based on its purported failure to allege facts establishing a *prima facie* case of discrimination, and more specifically, facts to establish a sufficiently similar comparator.

Indeed, subsequent to *Lewis*, this Court (albeit in an unreported decision) has held that it to be erroneous to dismiss a complaint based on purportedly insufficient comparator allegations. *See Gomez v. City of Doral*, 2022 WL 19201 (11th Cir. Jan. 3, 2022). And district courts in this Circuit have reached similar conclusions. *See, e.g., Alvarez v. Lakeland Area Mass Transit Dist.*, 406 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019); *Coleman v. C&S Wholesale Grocers, Inc.*, 2019 WL 13235811 (S.D. Fla. Aug. 26, 2019).

Appellee erroneously contends that these decisions are "superseded by more recent binding case law," citing *Lacy v. City of Huntsville Alabama*, 2022 WL 303385 (11th Cir. Feb. 2, 2022), and *Hernandez v.*

4

*CareerSource Palm Beach Cnty., Inc.*, 2023 WL 4042012 (S.D. Fla. June 16, 2023). Appellee is wrong for multiple reasons. First, both cases are unreported and therefore are not "binding" on anyone. *Hernandez*, as a district court decision, would not be binding on another district court, much less on this Court, even if it were a published opinion.

Moreover, *Lacey* does not purport to overrule *Gomez*. Indeed, as a later panel decision than *Gomez*, the holding in *Gomez* would prevail over the holding in *Lacey* if they were in conflict. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").

But there is no real conflict. *Gomez* addresses at length whether a complaint may be dismissed for insufficient similarity of the comparator and is directly on point, holding that it may not:

> The district court held that Gomez's complaint was deficient because she "failed to explain how" any other male officers referenced in her complaint were "similarly situated to her 'in all material respects.'" Doc. 17 at 3–4 (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019)

5

(en banc)). But, as Gomez argued both here and below, that wasn't a valid reason to dismiss her complaint. To be sure, one way for a plaintiff "to survive *summary judgment*" is to satisfy "the burden-shifting framework set out in *McDonnell Douglas*," whereby the plaintiff shows "that her employer treated 'similarly situated' employees outside her class more favorably." *Lewis*, 918 F.3d at 1220–21 (emphasis added); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see Twombly*, 550 U.S. at 569–70. After all, "the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Swierkiewicz*, 534 U.S. at 511; *see Lewis*, 918 F.3d at 1220 n.6. And it is "incongruous" to demand that a plaintiff "plead more facts than [she] may ultimately need to prove to succeed on the merits." *Swierkiewicz*, 534 U.S. at 511–12. Thus, following Supreme Court precedent, we have held that a plaintiff's "complaint 'need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case' " to survive a motion to dismiss. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

Yet that's precisely what the district court required Gomez to allege. In doing so, it "did not use the *Iqbal*/*Twombly* plausibility standard" that our precedents—and those of the Supreme Court—demand. *Id.*; *see Swierkiewicz*, 534 U.S. at 511 (holding that, in Title VII cases, "the ordinary rules for assessing the sufficiency of a complaint

6

> apply"). Those decisions make clear that Gomez "need not prove [her] case on the pleadings." *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010). Hence, by faulting Gomez for failing to "ma[ke] out a prima facie case of [sex] discrimination under *McDonnell Douglas*," the district court erred as a matter of law. *Surtain*, 789 F.3d at 1246; *see Swierkiewicz*, 534 U.S. at 508.

*Gomez*, 2022 WL 19201, at *2 (emphasis in original). This Court's reasoning in *Gomez* rejects the approach of the District Court here and belies Appellee's argument.

*Lacy* also does not help Appellee because it was not actually decided based on insufficient similarity of characteristics between the plaintiff and the alleged comparator. Rather, this Court held the complaint was properly dismissed because the attachment to the complaint contradicted the plaintiff's claim that she received less favorable procedural process than the other employee—who, in fact, was also fired. *See Lacy v. City of Huntsville Alabama*, 21-11410, 2022 WL 303385, at *4 (11th Cir. Feb. 2, 2022) ("[T]he exhibits attached to Lacy's amended complaint affirmatively demonstrate that she and Smartt were not being disciplined for the same or similar misconduct, did not share a similar disciplinary history, did not have the same supervisor or work in the

7

same department, and were both terminated from their respective positions. And, in both cases, the City Council voted to uphold their terminations . . . [M]ore importantly, the exhibits contradict Lacy's allegations that the City Council treated her less favorably than Smartt during their respective appeals . . ."). Contrary to Appellee's contention, this Court's holdings contravene the District Court's dismissal of the complaint based on purportedly insufficient comparator allegations.

Moreover, Appellee's contentions about the differences between Appellant and the alleged comparators are also improper because they are premised on purported facts not alleged in the complaint and construing the complaint's allegations against Appellant, who is the plaintiff. In asserting that Appellant and the comparators held different positions, Appellee fails to even address this Court's holding that "differences in job ranks between a plaintiff and another employee are not, in and of themselves, dispositive as to whether the two individuals may be compared for purposes of evaluating a discrimination claim." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1281 (11th Cir. 2008). Its arguments are also inconsistent with this Court's holding that "the plaintiff and her comparators need not be similar in all but the protected

8

ways . . . Nor is it necessary for a plaintiff to prove purely formal similarities—e.g., that she and her comparators had precisely the same title." *Lewis*, 918 F.3d at 1227.

But ultimately Appellant needed only to allege facts that, taken as true and with all reasonable inferences construed in her favor, plausibly suggest that her race/ethnicity and/or gender was a motivating factor in her termination. She alleged many facts plausibly suggesting such a connection, including direct evidence of an adverse comment being made about Indian-Americans like her in addition to circumstantial evidence suggesting a discriminatory motive.

Appellee's responses merely create disputed issues of fact by suggesting that if each of these facts is (improperly) construed in Appellee's favor and all inferences are indulged in its favor, each fact supposedly may be consistent with non-discriminatory behavior. Even if the facts could be construed and the inferences made as Appellee claims, the existence of such disputed issues of fact would not mean the complaint failed to state a claim. It would merely result in disputed issues to be decided by a jury at trial. The District Court erred in dismissing Appellant's discrimination claims.

9

It also erred in dismissing Appellant's retaliation claims. Contrary to Appellee's contention, Appellant complained about an allegedly hostile work environment, which is protected activity.

And Appellee's contention about a purported gap between the protected activity and the adverse action is misleading. Appellant does not allege a three-month gap. She alleges that Appellee immediately began retaliating against her, beginning with write ups aimed at justifying an ultimate termination of Appellant. That campaign continued for three months until Appellant's ultimate termination. But the response did not begin three months later.

## II. The District Court Erred in Dismissing With Prejudice Rather Than With Leave to Amend

Even if it would not have been error to dismiss the SAC, the trial court would have erred in dismissing it with prejudice rather than without prejudice, which would have enabled McManus to remedy the purported pleading deficiencies identified by the District Court. Thus, even if this Court were to hold that the District Court did not err in concluding that the SAC failed to state a claim either for discrimination or retaliation,

The District Court dismissed the SAC with prejudice, despite that the basis for dismissal was purportedly insufficient pleading of facts, a matter remediable by amendment. ECF Doc. 122 at 10, n.6. And this was the first time the District Court had issued a decision identifying purported deficiencies so that Appellant could correct them.

Appellee erroneously claims the district court's prior dismissal based on "shotgun pleading" was "substantive." It was not. And it did not address any purported deficiencies in the substantive allegations.

It also erroneously contends that the second amendment was based on substantive errors but ignores that there was never a ruling on the sufficiency of the amended complaint. More important, Appellee glosses over the key event that preceded the amendment: Appellant retained new counsel who had a different view of the proper strategy. And Appellee does not and cannot deny that Appellant never had an opportunity to amend the complaint after a ruling by the district court identifying any substantive deficiency to attempt to cure any such asserted deficiencies. Thus, affording Appellant the opportunity to amend her complaint was far from futile. To the contrary, it was necessary. The District Court erred in failing to grant leave to amend.

## CONCLUSION

This Court should reverse the District Court's order dismissing with prejudice McManus' Second Amended Complaint and remand for further proceedings.

Dated: April 25, 2024

                                        Respectfully submitted,

                                        /s/ Daniel A. Bushell
                                        Daniel A. Bushell
                                        BUSHELL LAW, P.A.
                                        1451 W. Cypress Creek Road, Suite 300
                                        Fort Lauderdale, Florida 33309
                                        Phone: 954-666-0220
                                        Email:  dan@bushellappellatelaw.com

                                        *Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains ____ words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

/s/ Daniel A. Bushell<br>
Daniel A. Bushell

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, I electronically filed the foregoing document using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record.

/s/ Daniel A. Bushell<br>
Daniel A. Bushell